UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIL DOUGLAS RANDALL,<br><br>Petitioner,<br><br>v.<br><br>SACRAMENTO COUNTY,<br><br>Respondent. | No. 2:15-cv-2025 AC P<br><br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). However, the court will not assess a filing fee at this time. Instead, the undersigned will recommend that the petition be summarily dismissed.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

"[W]hen a state prisoner is challenging the very fact or duration of his physical

1

imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "[R]elief is available to a prisoner under the federal habeas statute only if success on the claim would 'necessarily spell speedier release' from custody." Nettles v. Grounds, 788 F.3d 992, 1001 (9th Cir. 2015) (citing Skinner v. Switzer, 562 U.S. 521, 525, 535 n.13 (2011)). "[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). The appropriate remedies for conditions of confinement that constitute cruel and unusual punishment are "a judicially mandated change in conditions and/or an award of damages, but not release from confinement." Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979).

Here petitioner alleges that he is being subjected to hazardous living conditions caused by employee misconduct and the conditions at the prison facility. ECF No. 1 at 3-4. He further alleges that these conditions are causing injury to his lower back, spine, arms, shoulders, feet, fingers, and wrists. Id. at 4. He requests that he be released from prison or transferred to a facility in southern California. Id. at 5. Petitioner is clearly challenging his conditions of confinement and not the fact or duration of his imprisonment. Success on the claim would not necessarily result in a speedier release, because release from custody would not be an appropriate remedy. For these reasons, it will be recommended that the petition be dismissed without prejudice to petitioner pursuing a separate civil rights action.

Summary

The petition should be dismissed because petitioner is challenging prison conditions and not his sentence, and success on his claims will not result in a speedier release from custody. If petitioner wants to challenge his prison conditions, he may file a civil rights complaint after exhausting his available administrative remedies. The court takes no position on the merits or timeliness of any civil rights complaint petitioner may file.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

1    IT IS FURTHER RECOMMENDED that petitioner's application for writ of habeas corpus (ECF No. 1) be denied without prejudice to his pursuit of a separate civil rights action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 20, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE